**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

JUNIOR JOSE PUERTA VASQUEZ,

      Petitioner,

      v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER, et al.,

      Respondents.

CIVIL ACTION NO.: 5:26-cv-345

**O R D E R**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Petitioner

seeks his release and declaratory and injunctive relief.  Doc. 1.

**Service of the Petition**.  I have reviewed the Petition.  I find that it does not plainly

appear Petitioner is not entitled to relief.  <u>See</u> Rules 1(b) and 4 of the Rules Governing Section

2254 Cases.  Based on the terms of the March 3, 2026 Memorandum of Understanding, the

United States Attorney's Office for the Southern District of Georgia has been served with a copy

of this Petition, as the Rules for habeas corpus proceedings require, via email.[1]

**Answer Due in 7 Days**.  The Warden-Respondent must file an answer to the Petition

within **7 business days** of the date of this Order.  <u>See, e.g.</u>, 28 U.S.C. § 2243.  The Answer must

address the allegations in the Petition, certify the true cause of the detention, and show cause

why the Petition should not be granted.  The Answer shall constitute a return for the purposes of

---

[1] The Court advises Petitioner's counsel that, absent compelling argument to the contrary, the Warden-Respondent will be the only named Respondent.  Counsel for Respondent has repeatedly assured the Court that the Warden-Respondent will be able to provide the requested relief.  Nevertheless, Petitioner's counsel shall be responsible for service upon any named Respondent other than the Warden-Respondent.  <u>See</u> Mar. 3, 2026 Memo. of Understanding, ¶¶ 3, 4.

28 U.S.C. § 2243, as long as it certifies the true cause of detention.  Counsel for the Warden-Respondent shall provide all relevant records, including orders, recordings, transcripts, and other records from ICE, that are available to counsel at the time of the Answer.  Counsel shall promptly supplement the Answer with any additional records that counsel obtains after filing the Answer.  The Warden-Respondent will be permitted to file additional motions, including a motion to dismiss, at a later time.

**Reply Due in 3 Days.**  Petitioner shall file any desired Reply to the Answer within **3 days** of the date the Answer is served.

**Informal Telephonic Conference**.  The Court will conduct an informal telephonic conference with the parties approximately **10 days** from the date of this Order, but not before the Answer and Reply have been filed.  The parties should be prepared to discuss: (1) the circumstances leading up to Petitioner's detention; (2) relevant authority; and (3) the schedule for any additional briefing, amendments, or motions.  The parties should schedule this conference by emailing the undersigned's courtroom deputy clerk at: kim_mixon@gas.uscourts.gov.  The Court will not schedule this informal conference until counsel for Petitioner and for Warden-Respondent have contacted Ms. Mixon.

**Requests for Interim Relief**.  This Petition will be resolved in the ordinary course.  Recently, petitioners in similar circumstances have sought various forms of interim relief, including a prohibition on the petitioner's removal from the United States, a prohibition on ICE from transferring the petitioner from one detention facility to another within the United States, and interim release from detention while the habeas petition is pending.  To the extent Petitioner is requesting interim relief, Petitioner shall file an independent motion titled "Motion for Interim Relief" separate from the Petition.  Petitioner should not make a request for interim relief in the

body of the Petition or in a request for preliminary injunctive relief (e.g., a motion for temporary restraining order or a motion for preliminary injunction, or motion for order to show cause).  The Warden-Respondent shall file a response to any motion for interim relief within **seven days** of the date the motion is served.

Importantly, a petitioner who seeks release from detention while the Petition is pending must demonstrate in the motion for interim relief: (1) a likelihood of success on the merits of a substantial constitutional claim; and (2) extraordinary and exceptional circumstances exist that make release necessary to preserve the effectiveness of the habeas corpus relief sought. See, e.g., Wilcox v. Ford, 813 F.2d 1140 (11th Cir. 1987); Gomez v. United States, 899 F.2d 1124 (11th Cir. 1990); and Wilson v. Sec'y, Dep't of Corr., No. 17-10060-D, 2017 WL 11815408, at *1 (11th Cir. May 10, 2017); see also Mapp v. Reno, 241 F.3d 221, 225 (2d Cir. 2001).

**SO ORDERED**, this 20th day of March, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3